1. PAGE

## To THE Court of Criminal Appeals

A. PD-1243-15  of TEXAS

Petition For Discretionary Review

TRIAL Court Judge          Sixth Appellate Judgement
Leon Pesek JR.         Chief   Josh R. Morrise III
202 nd District      Justices  Bailu C. Moseley
Bowie County. TEXAS          Raloh K. Burgess

FROM  Sixth Appellate Court of Appeals Counsels

TEXARKANA TX  100 N. StatEline 75501

Counsel BART C. Crawtor      | Lauren Sutton
                             | Assistant District Attourney
     Lesheed McCou           |
     126 W. 2nd Street       | Texarkana TX 75501
     Mount Plesant. TX 75570 | 601 Main St.

RE: Appellate Case Number 06-14-00131-CR

TRIAL Court Case Number 12F0117-202

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

1 page

B.

Table of Contents          Grounds

1. Factual Background

2. Corroboration of Accomplices Testimony

3. Failure To Instruct Jury that Mitchell was an accomplice as A matter of Law

4. Failure To Give Limiting instruction when Extranious offense Evidence Introduced.

1. McHenry also argues that there is factually insufficient evidence to support his conviction, In Brooks v State. 323 S.W. 3rd 893, 894-95, 912-13 (Tex. Crim. App 2010) (plurality opinion) (4-1-4 decision), The Texas Court of Criminal Appeals recognized that A factual sufficiency review is subsumed by A properly conducted legal sufficiency review and, Therefore Abolished the separate factual sufficiency review test established by Clewis v. State, 922 S.W. 2d 126 (Tex. Crim. App. 1996), and its progeny.

2. The testifying officers admitted that No drugs were found on McHenry. That they had Never seen drugs being Sold at McHenry's residence. and that They had No personal knowledge of when, where, or from ~~the~~ whom The Methamphetamine found during the Traffic stops was Acquired.

3. The State failed to dust the flashlight for fingerprints or check flashlight for DNA evidence. Officer Dustin Thompson testified that he had No personal knowledge of who owned the flashlight or who put the Methamphetamine in the flashlight.

4. Mitchell claimed she had trouble reading due to A CAR accident when she WAS 2 years old.

5. McHenry only challenged the sufficiency of the evidence to ~~co~~ IN the Absence of Mitchell's accomplice testimony. Having found that the State produced sufficient evidence to Corroberate Mitchell's accomplish testimony. We need Not address the sufficientcy of evidence.

6. A person CANNOT be convicted of A Crime on the UNcorroboeAted testimony of AN ACComplice. AN Accomplice is Someone whose participation iN the crime would permit his Conviction for the crime Charaed iN the indictment.

You must determine Whether Dequeener Mitchell iS AN ACComplice to the Crime of Possetssion of A Controlled Substance. if it WAs commited. If you determine that Dequeener mitchell is AN Accomplice. ~~to the~~ vou must Also determine whether there is evidence corroberating the testimony of Dequeener Mitchell.

7. The State refered to mitchell as a co-defendant

8. McHenry Submitted a proposed limiting instruction.

9. We render no opinion regarding whether McHenry was entitled to the Specific instruction he submitted as part of his request for a limiting instruction.

10.

## C. Index of Authorities

1. 11.07 Writ of Habeas,
2. Petition for Discretionary Review,
3. Writ of Mandamus,
4. Prayer for Relief,
5. Extension for Review,

## D. Statement Regarding Oral Argument

A person cannot be Convicted on the uncorrobarated testimony of an accomplice. An accomplice is someone whose participation in the crime would permit his conviction for the crime charged in the Indictment. You must determine whether Daqueener Mitchell is an accomplice to the crime of Possession of a Controlled Substance. If it was committed, If you determine that Daqueener mitchell is an acomplice you must then also determine,

## E. Statement of Case – I never was able to testify in trial or givin a new trial.

## F. Statement of Procedural History

On June 5, 2015 Odinion was made Affirmed

I did not have knowledge of How to file for A Rehearing Nor Petition of Discreciowary Review

I didn't Recieve an answer until June 19, or 21 and Didn't have proper Law Library Assistance

# NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*An example of an unsworn declaration pursuant to State law is as follows:*

"My name is _McCornell D McHenry_ my date of birth is _8-23-72_
      (First)    (Middle)    (Last)

and my inmate identifying number, is _# 192888 1_ . I am presently incarcerated in

_Joe F Gurney_ in _Palestine_
(Corrections unit name)           (City)

_Texas_      _75803_ . I declare under penalty of
(County)    (State)    (Zip Code)

perjury that the foregoing is true and correct.

Executed on the _11_ day of _September_, 20_15_. _Cornell McHenry_ "
                                    (Offender Signature)

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*An example of an unsworn declaration pursuant to Federal law is as follows:*

I _Cornell McHenry_ (insert offender name and TDCJ number), being presently incarcerated in _Joe F Gurney Unit_ (insert TDCJ unit name), in _Anderson_ County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _15_ day of _Sept_, 20_15_. _Cornell McHenry_ "
                                    (Offender Signature)

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____      _____
(Signature - Notary)                   (Date)

left McHenry's house.[12] When considered in connection with the other evidence in the case, the officer's testimony could give rise to the inference that McHenry was a drug dealer; however, the officers did not directly state that McHenry had committed an extraneous offense. *See Rankin*, 974 S.W.2d at 708 (victim's friend and sister also testified that defendant fondled their "privates"); *Lemmons v. State*, 75 S.W.3d 513, 521 (Tex. App.—San Antonio 2002, pet. ref'd) (three witnesses allowed to testify that murder defendant robbed them at gunpoint). On cross-examination, the officers admitted that no drugs were found on McHenry's person, that they had never actually observed a drug transaction at McHenry's residence, and that they could not state from personal knowledge that the drugs discovered during the traffic stops were acquired from McHenry.

The three officers who testified to the extraneous bad acts were the first three witnesses to testify in the case. While the jury received a proper limiting instruction in the jury charge, the charge was given about six hours after testimony began in this one-day trial. *See Lemmons*, 75 S.W.3d at 525 (extraneous-offense testimony elicited through three witnesses during last three or four hours of multi-day trial). Absent evidence to the contrary, the jury is presumed to follow the instructions set forth in the trial court's charge. *Hutch v. State*, 922 S.W.2d 166, 172 (Tex. Crim. App. 1996), *overruled on other grounds by Gelinas v. State*, 398 S.W.3d 703 (Tex. Crim. App. 2013). McHenry has not rebutted this presumption.

Under these circumstances we conclude that, in the context of the entire case against McHenry, the trial court's error in admitting the testimony in question did not have a substantial

---

[12]The State briefly mentioned the testimony during its opening statement and did not emphasize the evidence during its closing argument.

or injurious effect on the jury's verdict and did not affect McHenry's substantial rights. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Accordingly, we disregard the error and overrule this point of error. *See* TEX. R. APP. P. 44.2(b).

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: April 15, 2015
Date Decided: June 5, 2015

Do Not Publish

16

**NAME:** Garnett McHenry

**ID:** 1928881

**Joe F. Gurney Unit**
1385 Fm 3328
Palestine Tx 75803

legal

Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin Tx 78711